Curia, per

Frost, J.
The bill sued is in the usual form, payable to A. G. Rose, cashier, and accepted by the defendants.
The action is in the name of the plaintiff, for the use of the bank of Charleston. The questions presented by the motion for non-suit are, whether the legal interest in the draft is in the plaintiff; and if it be, but for the use of the Bank of Charleston, whether the action should not be in the name of the latter. If the word cashier were not subjoined to his name, the tenor of the bill would, indisputably, vest the legal interest in the plaintiff. The addition to *426 his name of the word “cashier,” is a mere descriptio persones. It implies no benefit for the bank of Charleston ; even if it had been expressed in the bill to have been payable to the plaintiff — “cashier of the bank of Charleston”' — -the legal interest would still be in him. A note payable to one as administrator, vests the legal interest in him, personally, and not in his representative character. In Buffum vs. Chaswick, 8 Mass. Rep. 103, a promissory note was given to the plaintiff, “agent of the Providence Hat Manufactory.” It was objected — the action should have been brought in the name of the company; but it was ruled to be a contract with the agent personally, and the addition to his name was only descriptio per sones. In Potter and others vs. Yale College, 8 Conn. Reports, the action was on an agreement by the plaintiff, Potter, and four others, a committee of the subscribers, to raise a fund for the benefit of the CongregationahSociety in Plymouth. It was insisted that the action should have been brought in the name of the subscribers, that the agreement was for their benefit, therefore the action should have been brought in their names. Hosman, C. J. says, that the contract was made expressly with the plaintiffs, does not admit of a question. The addition to their names makes no difference. It is merely descriptio personarum. It is clear that the addition of the word cashier, after the plaintiff's name, was mere surplus-age, and that the legal interest in the contract vested in him. That the bill was made payable to him, for the use of the bank of Charleston, does not affect his right of action. In general, an action on a contract, whether express or implied, or whether by parol or under seal, or of record, must be brought in the name of the parties in whom the legal interest in such contract is vested. Courts of law will not, in general, notice equitable rights, as contradistinguished from the strict legal title and interest, so as to invest the equitable or beneficial claimant with the ability to adopt legal proceedings in his own name, even though the equitable right embrace the exclusive benefit to be derived from the contract. 1 Chit. PL 2, (a.) The right of action at law is vested solely in the party having the strict legal title and interest, in exclusion of the equitable claim. Smith vs. Kendall, 6 T. R. 123, was an action on' *427 a promissory note to pay the plaintiff forty pounds in trust for Mrs. T. It was objected this note was only evidence of money lent, or paid by Mrs. T. and not by the plaintiff’s. Verdict was entered for defendapt, with leave to plaintiff to move to have it set aside, on several other grounds besides this. Lord Kenyon made the rule absolute to enter verdict for the plaintiffs. This point was not noticed in the decision, and must have been abandoned. In some cases of contracts made with agents, it may be difficult to determine whether the stipulations enure to the agent, personally, so that the legal interest vests in him, for the benefit of the principal, or whether the legal interest, and right of action, vest in the principal. The cases of Gilmore vs. Pope, 5 Mass. R. 192, and Pigot vs. Thompson, 3 Bos. & Pul. 150, cited in the argument for the appellant, are of this kind. In the latter case defendant agreed to pay the rent of certain tolls to the “Treasurer of the Commissioners,” and it was held the Treasurer could not maintain the action in his own name, because the intention of the agreement was the defendant should pay the money to whom the commissioners should choose to make the treasurer for the time being; so that the contract was not personal.to the treasurer, but the legal interest, and the right to sue, was in the commissioners. In the case from 8 Con. Rep. before cited, the legal interest was decided to be in the committee, for the benefit of the association. The legal interest in the cause of action in this case, vested in the plaintiff; the action was properly brought in his name.
The motion is dismissed.
Richardson, O’Neall, Evans, Butler and Wardlaw, JJ. concurred.